VIRDEN LUMBER Co., et al. *v.* PRICE.

No. 39500          February 28, 1955          78 So. 2d 157

*Wynn, Hafter, Lake & Tindall, R. T. Love,* Greenville, for appellants.

*J. Wesley Miller,* Rolling Fork; *H. A. Miller,* Greenville, for appellee.

LEE, J.

For temporary total disability, the attorney-referee awarded to Adolphus Price, against Virden Lumber Company and its insurer, Hardware Mutual Casualty Company, the benefits provided under Article 2, Chapter 4, Volume 5A recompiled, Code of 1942 annotated, the Workmen's Compensation Act. The full Commission approved, and the Circuit Court on appeal, affirmed. The defendant companies appealed.

On June 8, 1953, the claimant, 54 years of age, sustained a substantial injury to his spine and leg, when the scaffold, on which he was working, fell.

The sole question for determination was whose employee Price was at the time of the injury.

I. G. Alexander was manager, in the town of Anguilla, of Virden Lumber Company, a corporation, primarily engaged in the sale of building materials. S. H. Price— no relation of the claimant—working in the maintenance department of Delta State College at Cleveland, where he resided, wished to remodel a home, which he owned in Delta City, so that it would be ready for occupancy about June 1st. In order to get an idea as to the approximate cost, he explained his proposition to Alexander, well known for his ability in drawing plans and supervising their execution, and Alexander thereafter caused the house to be inspected and measured and the plans to be drawn. Following a conference between them, Price surmised that the improvement would cost

about $5,000, but Alexander was of the opinion that it would perhaps run less.

S. H. Price testified that Alexander, for the lumber company, agreed to furnish the materials and labor and supervise the construction of the job; that pursuant to such agreement, the company did furnish materials and put Adolphus Price in charge of the carpenter work; that, because of the company's apparent desire to have Adolphus in charge, the witness was willing to delay the commencement of the work for about two weeks; that he knew Adolphus only by sight, and had nothing to do with hiring him; that initially he advanced $1,000 to the company, and made subsequent payments from time to time; and that he exercised no supervision over the construction, but relied on the company.

Adolphus Price testified that he had worked for Virden Lumber Company before; that Alexander wanted him to go to Delta City to do the Price job, hired him for that purpose, and agreed to pay him $1.85 an hour; that Alexander told him to employ two helpers whom he secured, and that he and Alexander fixed their wages; that Alexander took him to the job, furnished the plans, and showed him what to do; that he went to Alexander and young Virden, another employee of the company, for advice and help on the plans; that Alexander inspected the work once or twice a week; that he and his helpers were paid weekly at the lumber yard by checks, drawn on the company and signed by Alexander; that it was his understanding that he was working for the lumber company; and that he did not even see S. H. Price until after he had been working on the job for about two weeks.

Alexander testified that his company did not build homes. While admitting that he was well known for his ability to draw plans and see that they were carried out, and that he drew these particular plans, he asserted that this was a mere accommodation. He admitted con-

tacting Adolphus Price, but said that, in so doing, he was acting for S. H. Price. He also admitted that he looked over the work once or twice a week to see how the job was going and if the material was being put on properly, but that this was a mere accommodation. He was asked on cross-examination, ''When you were seeing the job was done and seeing that the right material was used, then you acted for Virden Lumber Company, is that right?'', and his answer was, ''That's right.'' He presumed that Adolphus knew for whom he was working, but at no time did he tell Adolphus that he was working for the lumber company. He admitted that he paid Adolphus and his workers by checks, which he signed, and which were drawn on the company; but his explanation therefor was that S. H. Price had already advanced the money for such purpose. He said that the company made no profit on the labor, and did not withhold anything for social security and other taxes.

But the undisputed facts show that Alexander, as the manager of the lumber company, drew the plans, engaged Adolphus Price to do work on the house at a specified wage, inspected the work once or twice a week and admittedly exercised some supervision and some control thereover, and paid Adolphus and his helpers weekly by checks, which he drew against the company's funds. These facts were supplemented by the positive evidence of S. H. Price that the lumber company, through Alexander, agreed to furnish labor and materials and supervise the construction, and that it did so. In addition, Adolphus testified that Alexander hired him, supervised him, and paid him.

Consequently the attorney-referee and the commission, as the triers of the facts, were fully warranted in finding that Adolphus Price was the employee of the lumber company. Kisner v. Jackson, 159 Miss. 424, 132 So. 90. Texas Co. v. Mills, 171 Miss. 231, 156 So. 866; Sones v. Lumber Co., 215 Miss. 148, 60 So. 2d 582.

■■ The relation of employer and employee is not invalidated, because the contract, under which the employer is proceeding, may perhaps be an improvident one.

Affirmed and remanded.

*Roberds, P. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.